UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Darryl Donail Walker, Sr., | Case No. 22-cv-1595 (WMW/LIB) |
| Petitioner, | |
| v. | ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| Guy Bosch, | |
| Respondent. | |

---

This matter is before the Court on the October 26, 2022 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 18.) The R&R recommends denying Petitioner Darryl Donail Walker, Sr.'s petition for a writ of habeas corpus, dismissing this action with prejudice and not granting Walker a certificate of appealability. Petitioner filed objections to the R&R.[1] For the reasons addressed below, the Court overrules Walker's objections to the R&R and adopts the R&R in full. In addition, Walker's petition for a writ of habeas corpus is denied, and the Court does not grant Walker a certificate of appealability.

---

[1] Although the United States Court of Appeals for the Eighth Circuit has not explicitly extended the prisoner mailbox rule to filings other than notices of appeal, at least one other district court within the Eighth Circuit has applied the prisoner mailbox rule to find a prisoner's objections to an R&R timely. *See Okeayainneh v. Star Tribune Media Co., LLC*, No. 12-cv-2200 (PJS/JSM), 2012 WL 6051527, at *1 (D. Minn. Dec. 5, 2012). In light of this case law, as well as this Court's discretion to consider objections by pro se litigants even when untimely, the Court will consider Walker's objections to the R&R.

## BACKGROUND

In 2019, Walker was charged in state court with first-degree sale of methamphetamine, first-degree possession of methamphetamine and failure to affix a tax stamp. During the pendency of his state criminal matter, Walker underwent two competency evaluations. In his first competency evaluation, Walker was deemed not competent to stand trial. Walker was subsequently deemed competent to stand trial in his second evaluation. Walker decided to forego trial and plead guilty to the first-degree sale of methamphetamine.

At Walker's guilty plea hearing, Walker discussed the underlying facts of his guilty plea to first-degree sale of methamphetamine. Walker appeared to challenge several factual predicates underlying his offense, including whether he knew the nature of the substance he was delivering, whether he intended to sell the methamphetamine he was delivering and whether he anticipated receiving $1,800 in return for delivering the methamphetamine. After further questioning by the prosecutor, Walker admitted that he knew he was delivering methamphetamine and that he was guilty of possession with the intent to sell methamphetamine. Based on these representations, the district court accepted Walker's guilty plea. At sentencing, the district court imposed a 180-month sentence, on the grounds that Walker was a "dangerous offender" under Minnesota law.

Walker subsequently appealed his conviction to the Minnesota Court of Appeals, arguing that his guilty plea was invalid, that he received ineffective assistance of counsel and that the prosecutor engaged in misconduct during his sentencing hearing. Walker first contended that his guilty plea was invalid because he made statements negating two

essential elements of the crime. Second, Walker asserted that he received ineffective assistance of counsel because his attorney did not request a third competency evaluation and failed to cite "caselaw, statutes, or any rulings that would be in favor of [Walker's] mitigating factors." Third, Walker argued that the prosecutor committed misconduct at his sentencing by misstating the number of Walker's felony convictions and describing Walker as a "gang banger" and "a violent thug." The Minnesota Court of Appeals rejected each of Petitioner's arguments and affirmed his conviction. *See State v. Walker*, No. A21-0256, 2022 WL 274732, at *1 (Minn. Ct. App. Jan. 31, 2022). Walker then sought review from the Minnesota Supreme Court.

In his petition to the Minnesota Supreme Court, Walker raised two questions for the court's consideration. First, he asked the Minnesota Supreme Court to consider whether a sentencing hearing in which "the prosecutor employs inflammatory, irrelevant language that is distinctly racially coded" is consistent with due process. Second, he asked the Minnesota Supreme Court to assess the lower court's determination that "the prosecutor's repeated use of the term 'gang-banger' to describe [Walker]" did not constitute plain error. The Minnesota Supreme Court denied review of Walker's case.

On June 16, 2022, Walker filed his pro se petition for a writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254. Walker's petition asserts that his guilty plea was invalid, that Walker received ineffective assistance of counsel and that the prosecutor engaged in prosecutorial misconduct at sentencing. Specifically, Walker asserts that his guilty plea was invalid because, at his sentencing, he "denied knowing that he possessed a controlled substance" and intended to sell a controlled substance. Walker further argues

3

that he received ineffective assistance of counsel because his counsel coerced him to accept a guilty plea, promised him he would receive a sentence of 105 months, failed to cite "caselaw, statutes, rules or documents" in support of his mitigating factors in his sentencing memorandum and failed to schedule a third competency evaluation. Finally, Walker argues that the prosecutor's use of racial stereotypes and purported misrepresentations of the facts resulted in a harsher sentence.

The R&R rejects each of Walker's claims on the basis that Walker failed to properly exhaust his state court remedies. Because Walker failed to present an ineffective assistance of counsel claim to the Minnesota Supreme Court, the R&R concludes that Walker's ineffective assistance of counsel claim is procedurally barred. In addition, the R&R determines that, by presenting his claim as a state law issue rather than a federal law issue, Walker failed to exhaust his state court remedies for his prosecutorial misconduct claim. The R&R also concludes that Walker's invalid guilty plea claim is procedurally defaulted because he challenges the validity of his guilty plea because it was obtained through leading questions, but he does not contend that it was involuntarily obtained. The R&R recommends denying Walker's petition for a writ of habeas corpus and dismissing the action with prejudice because each of Walker's claims has been procedurally defaulted and there is no basis to excuse the default. Concluding that it was "highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide [Walker's] claims any differently," the magistrate judge recommends the denial of a certificate of appealability.

## ANALYSIS

A district court reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C). In doing so, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Interpreting Walker's pro se filing liberally, the Court identifies three objections to the R&R.[2] First, Walker argues that he did sufficiently exhaust his state remedies for each of his claims because he followed all state and federal rules, statutes and laws. Second, Walker argues that, even if he has procedurally defaulted his claims, his attorney's purported failure to file his pro se memorandum on appeal constitutes both cause and prejudice that excuse his default. Third, Walker contends that he cited federal cases in his state-court prosecutorial misconduct claim and, therefore, he did not procedurally default on this claim. The Court addresses each of Walker's objections.

### I.  Exhaustion of State Remedies

Walker argues that the R&R erred in concluding that he did not sufficiently exhaust his state remedies on each of his habeas claims.

"It is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court." *White v. Wyrek*, 651 F.2d 597, 598 (8th Cir.

---

[2]  Walker also addresses his attorney's failure to schedule a third competency hearing and a generally asserts that denying his motion would cause a miscarriage of justice. However, because these arguments do not refer to any specific portion of the R&R to which Walker objects and the Court is otherwise unable to discern a specific basis for these arguments, the Court cannot grant Walker relief on these grounds and does not further address these arguments in its review of the R&R.

1981).  Exhaustion is not demonstrated by showing merely that the federal habeas applicant has been through the state courts.  *Picard v. Connor*, 404 U.S. 270, 275–76 (1971).  Instead, the exhaustion requirement is met "only when the state courts have been properly presented with an opportunity to rule on the issues raised in the § 2254 petition."  *White*, 651 F.2d at 598.  Minnesota law requires that a prisoner, such as Walker, appealing his conviction must raise all possible claims on direct appeal before proceeding to postconviction relief.  *See State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976) (explaining that "where [a] direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.").  The United States Court of Appeals for the Eighth Circuit has found that this state procedural bar extends to federal habeas petitions.  *See Murray v. Hvass*, 269 F.3d 896, 899–900 (8th Cir. 2001).

Walker argues that his compliance with all federal and state rules, statutes and laws demonstrates that he has exhausted his state remedies.  But both state and federal law require Walker to raise all possible claims on direct appeal that he raises in a post-conviction petition for relief.  *See White*, 651 F.2d at 598; *Murray*, 269 F.3d at 898–900.  By failing to present the same claims to the Minnesota Court of Appeals and the Minnesota Supreme Court that he brings in this case, Walker has failed to comply with the requisite state law.  Walker's failure to comply with the applicable Minnesota and federal law precludes the Court from finding that he has properly exhausted his state court remedies.  The Court therefore denies Walker's first objection.

## II. Excusing Walker's Procedural Default

Walker next argues that even if he has procedurally defaulted on the claims in his habeas petition, his default should be excused because his attorney purportedly failed to file his pro se memorandum with the Minnesota Supreme Court.

A state prisoner, such as Walker, who fails to satisfy state procedural requirements—which result in his claim being barred—"forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citing *Murray v. Carrier*, 477 U.S. 478, 493–96 (1986)); *accord Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "To establish 'cause,' . . . [a petitioner] must show that some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) (quotation omitted). Mere attorney error does not constitute cause; attorney conduct must amount to constitutionally ineffective assistance to demonstrate cause. *Id.* To establish prejudice, the petitioner must show "actual prejudice resulting from the alleged constitutional violation." *Id.* at 2064–65. To establish actual innocence, a petitioner must show that "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). "Actual innocence means factual innocence, not mere legal insufficiency." *Id.*

Walker asserts in his objections that he has met the cause and prejudice standard because his attorney failed to file his pro se memorandum at the Minnesota Supreme Court.

7

But Walker has adduced no evidence that such a pro se memorandum existed or that his attorney refused to file it. In the exhibit Walker filed in support of his objections, Walker's attorney does not reference the existence of a pro se memorandum that Walker drafted to support his Minnesota Supreme Court petition, nor does Walker's attorney state that he refused to file materials with the Minnesota Supreme Court that Walker had directed him to file. Absent such a showing, Walker has not demonstrated that he received constitutionally ineffective assistance sufficient to establish cause. *See Davila*, 137 S. Ct. at 2065. Therefore, Walker cannot establish any basis to excuse his procedural default.

**III.    Citation to Federal Cases in Walker's Prosecutorial Misconduct Claim**

Walker's final objection asserts that, contrary to the R&R's findings, Walker did cite federal cases in support of his state prosecutorial misconduct claim such that he has not procedurally defaulted on this particular claim.

Walker must fairly present all of his federal-law claims to the highest available state court to have exhausted his state remedies such that he may seek relief in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). This requirement applies even when the highest state court offers only the opportunity to present claims for discretionary review, as in Minnesota. *Id.* To satisfy the fair presentation requirement, a habeas petitioner must have presented the federal nature of each claim to each level of the state courts. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To have presented the federal nature of a claim, the petitioner must "[a]t minimum]" have "explicitly referred the state courts to

the Untied States Constitution or federal case law." *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995).

There is no dispute that Walker articulated a prosecutorial misconduct claim throughout his state appeal and in his federal habeas petition. But as the magistrate judge correctly concluded, Walker articulated his prosecutorial misconduct claim solely as a state law issue before filing his habeas petition in federal court. Walker's brief to the Minnesota Court of Appeals makes no reference to federal law or federal Constitutional principles. Indeed, the Minnesota Court of Appeals claim addressed Walker's prosecutorial misconduct claim solely within the context of state law. *See Walker*, 2022 WL 274732, at *6. Walker's petition to the Minnesota Supreme Court similarly lacks any reference to the United States Constitution, federal case law or federal statutes. Absent such explicit references, Walker has not fairly presented his federal claims for review at the state level. *See Wyldes*, 69 F.3d at 251. For these reasons, the Court overrules Walker's objection to the R&R.

The Court overrules Walker's objections to the R&R and adopts the R&R in full. Finding it unlikely that "reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong," the Court declines to grant Walker a certificate of appealability. *See Slack v. Daniel*, 529 U.S. 473, 484 (2000.)

**ORDER**

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner's objections to the October 26, 2022 R&R, (Dkt. 19), are **OVERRULED**.

2. The October 26, 2022 R&R, (Dkt. 18), is **ADOPTED**.

3. Petitioner Darryl Donail Walker, Sr.'s petition for a writ of habeas corpus, (Dkt 1), is **DENIED**.

4. Petitioner Darryl Donail Walker, Sr. is not granted a certificate of appealability.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: January 23, 2023                                s/Wilhelmina M. Wright
                                                       Wilhelmina M. Wright
                                                       United States District Judge